```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                        SOUTH BEND DIVISION
```

ESTATE OF JAMES SWAN,            )
by Personal Representative       )
Heather Daugherty,               )
                                 )
Plaintiff,                       )
                                 )
    v.                           )    NO. 3:07-CV-69
                                 )
WESTFIELD INSURANCE COMPANY,     )
                                 )
Defendant,                       )
                                 )
ESTATE OF JOHN SWAN,             )
                                 )
Nominal Defendant.               )

## OPINION AND ORDER

This matter is before the Court on the Motion for Entry of Default filed on April 10, 2007, and again on April 13, 2007, by Plaintiff (D.E. #s 5 and 6) and the Supplemental Motion for Entry of Default filed on April 20, 2007, by Plaintiff (D.E. # 7). In these motions, Plaintiff requests entry of default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure because Defendant, Westfield Insurance Co., has failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. For the reasons stated below, Plaintiff's motions are **DENIED**.

Before default can be entered, the Court must have jurisdiction over the party against whom the judgment is sought, which means that the party must have been properly served with process. *See, e.g., Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995). Here, Plaintiff argues that service of process is proper when it is "delivered by United States mail, postage prepaid, as certified mail with a return receipt." Although Plaintiff has submitted proof that process was sent certified mail, Plaintiff has failed to provide a return receipt or any other proof that process was delivered. In fact, the post office notified Plaintiff that process could not be delivered as mailed "because of forwarding instructions or because the address or ZIP Code on the label was incorrect." Accordingly, because Plaintiff cannot establish that service was proper, Plaintiff's motions are **DENIED**.

**DATED: April 27, 2007**                    **/s/ RUDY LOZANO, Judge**
                                             **United States District Court**